HARRIS *v.* FRIERSON *et al.*

(*Jackson,* April Term, 1948.)

Opinion filed June 12, 1948.

H. R. TEAGUE, of Ridgely, for complainant.

JOHN M. DRANE, of Newbern, for defendant Thomas James Jones (appellant).

SHELTON & SHELTON, of Columbia, for defendant residuary legatees (appellees).

MR. JUSTICE PREWITT delivered the opinion of the Court.

This suit involves the construction of the will of Mrs. Lillie Jones, and especially the burden of taxation imposed upon the lands devised by her will to Thomas James Jones. The appeal limits the question to be determined as to whether or not, under the terms of the will, the State Inheritance taxes and the Federal Estate taxes were charges against said lands. The Chancellor held that these taxes were charges against said lands, and this appeal resulted.

The will of Mrs. Lillie Jones is as follows:

"I, Lillie Jones of Lake County, Tennessee, being of sound mind and disposing memory, do declare this to be my last will and testament, hereby revoking and making void all other wills by me at any time heretofore made.

## "Item I.

"I direct my executor to pay all my just debts as soon as he can conveniently do so after my death. All debts that I owe I hereby make a charge against the rents arising from the lands devised by me hereinafter to Thomas James Jones and if there should not be sufficient rents from said lands available when needed to pay my debts I authorize and direct my executor to pay said debts by renting out all of my lands and using the rents thereon for the purpose of paying my debts until all the same are paid in full. If it is necessary, my executor is authorized to pledge the rents from my lands and rent notes for the purpose of borrowing money with which to pay my debts.

## "Item II.

"I direct and authorize my executor to sell all personal property belonging to my estate except the bank stock hereinafter disposed of and also to sell and convey the 210 acre tract of land situate, lying and being in the 7th civil district of Lake County, Tennessee, and being the same tract of land which was purchased by my husband, J. N. Jones, from the heirs of Willis Jones, deceased, and which was devised to me by the last will and testament of my deceased husband.

"My executor shall use his discretion as to time of selling said lands, but the same must be sold within two years after my death, and I direct that the same be sold at public auction, after due advertisement, and that the same be sold for cash, or on time, as my executor thinks

best. And my executor is authorized and directed to execute to the purchaser a general warranty deed to said lands.

"After converting my personal property and said lands above referred to into cash by sale and after payment of all my debts, I direct my executor to pay the following bequests or legacies in cash:

| | |
|---|---|
| To the Baptist Church at Tiptonville, Tenn. | $250.00 |
| To the Presbyterian Church at Tiptonville, Tenn. | $250.00 |
| To the M. E. Church, South, at Tiptonville, Tenn. | $250.00 |
| To the M. E. Church, South, known as Old Salem Church | $250.00 |
| To the Christian Church, at Tiptonville, Tenn. | $500.00 |
| To the Christian Church, Cronanville, known as Jones Chapel | $500.00 |
| To Ted Algee, Jr. | $400.00 |
| To Carolyn Algee | $400.00 |
| To Sammie Algee | $400.00 |
| To Wade Alexander | $250.00 |
| To Wade Newhouse | $250.00 |

"I direct my executor to pay over the bequests designated to Ted Algee, Jr., Carolyn Algee and Sammie Algee, to J. P. Algee, their father as trustee for them, to be used and expended by him for their best interest.

"Item III.

"I give and devise six shares of capital stock of the First State Bank & Trust Company of Tiptonville, Tennessee, to Clark Cochran. And six shares of said bank stock I also give to Coleman Rennick.

"Item IV.

"To Mrs. Will Crouch, who has been very kind to me, I give the right to live in the houses and outhouses where

she now lives on my land in Cronanville, Lake County, Tennessee, together with the land occupied by her as a garden, yard and lot and also the gin lot to be used for a pasture and being seven or eight acres in all, so long as she may desire to live on the said property and use the same, but at her death and or when she shall cease to reside on said property and to use the same, I devise and give said property to Thomas James Jones, who now resides in Memphis, Tennessee, absolutely.

"Item V.

"I give and devise to Thomas James Jones of Memphis, Tennessee, the several tracts of land, situate, lying and being on both sides of the public road leading north out of Cronanville, and in civil district number seven of Lake County, Tennessee, and containing altogether 265 acres more or less and commonly known as the J. N. Jones homeplace and including the residence where I now live. And subject to the right given to Mrs. Will Crouch in a small portion hereof, by Item IV. of this will and subject also to the right and power heretofore given my executor to control and rent out of said lands until my debts have been fully paid, as provided by Item I. of my will.

"It is my will that all my debts owing by me at the time of my death, the costs of the administration and charges against my estate shall be a charge against the said lands disposed of by this item of my will but I do not desire said tract of land sold to pay debts and direct my executor if necessary, to rent out said lands for a sufficient length of time to pay all my debts and the taxes on said lands and the upkeep of the same and the costs of the administration of my estate.

### "Item VI.

"All of the balance and residue of my estate, both real and personal, and of every kind from whatever source derived, I give and devise as follows:

"To Mrs. Mamie Lander one-sixth.

"To Mrs. Kate Frierson one-sixth

"To Mrs. Elizabeth Rennick one-sixth

"To Mrs. Lulie Martin one-sixth

"To Cornelia Cochran one-sixth

"To Harriett and Helen Jones, daughters of Clark Jones, deceased, together, one-sixth.

### "Item VII.

"It is not my intention to leave any of my property to any one not named in this will and any relative who is not mentioned in this will has been intentionally left out of the same by me, but not through ill-will, but for good and sufficient causes appearing to me.

"The bequests made by me in this will are made to the devisees subject to their assent to the same and if any of the devisees under this will shall not abide by this will or assent to the same in full then they shall forfeit all rights to any legacy made by this will to them and if any of them shall undertake to contest this will in court or bring any suit to contest this will, then I direct that they shall forfeit the bequests made to them by this will.

### "Item VIII.

"I nominate and appoint Wardlaw Steele as executor of my estate and of this will and he is empowered to make repairs on houses, fences, etc., and to advance money to tenants to make a crop if necessary and to do all things that are necessary to carry out the powers conferred by this will.

"In witness whereof I have hereunto signed my name on this the 19th day of October, 1938.

"Mrs. Lillie Jones"

It is insisted by the devisee, Thomas James Jones, that the lands devised to him are not burdened with the payment of said taxes.

It is true that State Inheritance taxes constitute a privilege tax on the receiving of property and are, therefore, not in reality a charge against the decedent's estate. This is also true as to Federal Estate taxes. By Chapter 109 of the Public Acts of 1943, Federal Estate taxes are prorated equitably among the beneficiaries and persons interested in the estate. The above is true in the absence of a will providing to the contrary. The Chancellor held that these taxes were a charge against the real estate under the terms of the will above set out. We adopt the opinion of the Chancellor as the opinion of this Court, which is as follows:

"This cause is tried upon the original bill and exhibits, the answer and the exhibits filed in the record, the only issue being the construction of the will of Mrs. Lillie Jones, who departed this life on the 13th day of November, 1945.

"The complainant is the administrator with the will annexed of said estate, while the defendants are some of the beneficiaries named in the will. Other beneficiaries were not made parties as it was unnecessary, their interest not being involved here.

"In 'Item 1' of the will it is provided that the executor pay all of the testatrix's just debts as soon as convenient, and these debts are made a charge against the rents arising from lands therein devised to Dr. Thomas James Jones.

"The testatrix evidently thought that such rents would pay all of her debts, but as a precautionary measure she provided further in said 'Item 1' that if there should not be sufficient rents from said lands 'when needed' to pay her debts then she directed her executor to pay said debts by renting out all of her lands using the rents thereon for the purpose of paying the debts until they were paid in full. She also provided that if necessary he use the rent notes for the purpose of borrowing money to pay said debts.

"Having stated that she wished all of her debts to be a charge against the lands devised to Dr. Thomas James Jones and then later providing for the rental of all lands, the Court concludes that she intended to charge these debts to Dr. Thomas James Jones, but if they were not sufficient to use the rents from other lands and pay these debts. She wished her debts paid promptly.

"If it is necessary under this item of the will, to use the rents of other lands to complete the payment of her debts, then if that is done under both this and later provisions of the will, I incline to the opinion that she desired the lands devised to Dr. Thomas James Jones to be continued rented out until sufficient rents had accrued to reimburse, or repay, that used from the rental of the other lands.

"In 'Item 2' she provides for the sale of all the other lands save that devised to Dr. Thomas James Jones, which sale she directs to be made within two years. Evidently she thought that with the rental due at the time of her death and the rental accruing within two years from all of said lands, a sufficient amount would be realized to pay all debts. She still does not release the rents of Dr. Thomas James Jones from the payment of debts, but evidently intended that they should bear these debts.

601

"In this item she also directs the converting of her personal property, as well as all other lands save that devised to Dr. Thomas James Jones, into cash (within the two years above mentioned) and uses this statement, 'and after payment of all my debts, I direct my executor to pay the following bequests or legacies.' This to me merely emphasized her desire that her debts be paid promptly and does not release the lands devised to Dr. Thomas James Jones from the primary charge.

"In this same item she made certain bequests and these bequests I think she desired paid out of the moneys received from the conversion of her personal property and the lands therein ordered sold and they are not a charge against the interest of Dr. Thomas James Jones.

" 'Items 3 and 4' of the will are not here involved, but the Court is requested to construe 'Item 5.'

"In this item the testatrix gives and devises to Dr. Thomas James Jones the lands in said item described, they being the same referred to in 'Item 1,' but she gives it to him subject to the right and power before given her executor to rent out said lands until her debts have been fully paid, as provided in 'Item 1' of the will. Thus far there is no conflict or repugnancy between 'Item 1' and 'Item 5,' nor between 'Item 2' and 'Items 1 and 5.'

"In the last part of 'Item 5' the testatrix reaffirms her desire that the debts owed by her at the time of her death, the cost of administration and charges against the estate 'shall be a charge against the said lands disposed of by this item of my will,' that is the same lands referred to in 'Item 1' and devised to Dr. Thomas James Jones. She states that she does not desire this tract of land sold to pay the debts and again directs her executor to rent out said lands, not for a period of two years, but for 'a sufficient length of time to pay all my debts

and the taxes on said lands and the upkeep of the same and the costs of the administration of my estate.' She limits the obligations charged against this tract to those items and I think she meant here to include the inheritance taxes.

"From a study of the will in its entirety I am convinced that the testatrix desired to charge the tract of land given Dr. Thomas James Jones with all the debts, taxes, cost of administration (which I think includes the inheritance tax) and all debts and cost of all kinds, and every charge except the special bequests set out in 'Item 2.'

"I believe that the reason that the provision she made relative to renting out other lands, for not exceeding two years, was in order that the debts and charges above mentioned might be promptly paid all the time desiring that they be a primary charge against the lands of the said Dr. Thomas James Jones and if any of the proceeds of rents from the other lands were used they were to be repaid out of a continued renting of the Dr. Thomas James Jones lands, until it equalized. In other words primarily the Dr. Thomas James Jones lands were to bear the expenses, except the special bequests, which were to be paid from a sale of the personal property and the other lands.

"Having reached this conclusion, it necessarily follows that a decree may be submitted accordingly and the costs of this proceeding taxed against the administrator as a part of the cost of administration."

We find no error in the decree of the Chancellor and it is affirmed.

All concur.